IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN KLEVELAND DREW, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BI-STATE DEVELOPMENT AGENCY, | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT, | ) | |
| d/b/a METRO, d/b/a METRO TRANSIT, | ) | |
| a quasi-public entity, d/b/a METROLINK, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE 1, in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE 2, in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE 3, in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Adrian Kleveland Drew, by and through his undersigned counsel, and asserts the following claims against the above-named defendants:

## PARTIES

1. Plaintiff, Adrian Kleveland Drew (hereinafter "Drew") is an individual and was at all times a United States citizen and resident of St. Louis City, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

2. Defendant Bi-State Development Agency, of the Missouri-Illinois Metropolitan District, d/b/a Metro, d/b/a Metro Transit, a quasi-public entity, d/b/a MetroLink (hereinafter "Bi-State" or "Metro") was at all times a quasi-public entity created under an interstate compact by and between the State of Missouri and the State of Illinois, ratified by the United States Congress, and authorized to engage in the business of public transportation within those states, including, but not limited to, the City of Saint Louis, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

3. Defendant Bi-State is under the law akin to a local governmental entity.

4. Defendant Bi-State's principal place of business is 211 N Broadway #700, St. Louis, MO 63102, located in the City of Saint Louis, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

5. Among its functions, Defendant Bi-State, as a common carrier, operates public transportation systems in the greater St. Louis Metropolitan area, which includes the City of Saint Louis, Missouri, and surrounding Missouri and Illinois counties.

6. Defendant Bi-State has the express authority to employ or appoint personnel (which the Defendant refers to as "Public Safety Officers") to maintain safety and order and to enforce the rules and regulations of Bi-State upon the public mass transportation system, passenger transportation facilities, conveyances, and other property that the Agency may own, lease, or operate.

7. Defendant Bi-State has the authority to determine the qualifications and duties of such security officers and personnel.

8. John Doe #1, John Doe #2 and John Doe #3 are as-of-yet unidentified individuals who are on information and belief employees or agents of Defendant Bi-State and were, at all times relevant, operating in their capacity as agents of Defendant Bi-State, also known as Metro Public Safety Officers, or security guard.

9. At all times relevant, Defendants John Doe #1, John Doe #2 and John Doe #3 were on duty and engaged in performing their work-related duties as licensed security personnel known as Metro Public Safety Officers.

10. Plaintiff has asked Defendant Bi-State to identify these individuals and Bi-State has to date refused to do so. To the extent John Doe #1, #2, and #3 are employed by a third-party corporation, Defendant Bi-State has refused to disclose the identity of that employer.

11. At all times mentioned herein, the acts, omissions, and knowledge attributed to Defendant Bi-State were performed, omitted or known to Defendant Bi-State by and through its employees, servants and agents acting within the course and scope of their employment by Defendant Bi-State.

12. At all times mentioned herein, Defendant Bi-State purchased liability insurance, either through an institution or of its own self-insured program, or through an excess or "umbrella" insurance coverage policy. Alternatively, Bi-State is a self-insured organization.

13. At all times relevant herein, Defendants acted under color of the laws, statutes, ordinances, and regulations of the United States, the State of Missouri, and the City of St. Louis.

14. At all times relevant herein, except as explicitly stated, Defendants acted under the management, regulations, policies, customs, practices and usages of Bi-State/MetroLink pursuant to their authority as licensed security personnel.

## JURISDICTION AND VENUE

15. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the First and Fourth Amendments, as incorporated against the States and their municipal divisions through the Fourteenth Amendment.

16. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the Constitution of the United States and § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

17. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because all of the events giving rise to the claims occurred in the City of St. Louis.

18. Divisional venue is proper in the Eastern Division because all of the events leading to the claims for relief arose in the City of St. Louis and Defendant exists in the Eastern Division. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

19. This Court has supplemental jurisdiction over the included Missouri state law claims pursuant to 28 U.S.C. §1367.

20. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

21. On or about January 22, 2018, at approximately 9:00 p.m., Plaintiff Drew was present at the Civic Center MetroLink station located near 14th Street and Clark Avenue in the City of Saint Louis, State of Missouri.

22. Drew entered the premises with the intent of taking a MetroLink transit ride home.

23. While attempting to enter the premises, Drew was approached by security personnel who were employed by Bi-State or otherwise legal agents of the Defendant.

24. Drew then left the premises.

25. Drew exited the station lobby, left Bi-State controlled property, and proceeded north on 14th street toward Clark Avenue.

26. Drew was followed from the station by three Bi-State security personnel: Defendants John Doe #1, John Doe #2, and John Doe #3.

27. At all times relevant, each of the three Bi-State security personnel were on duty employees of Defendant Bi-State or acting as agents of Defendant Bi-State.

28. Near the intersection of 14th Street and Clark Avenue, Drew was again confronted by the three Bi-State security personnel: John Does #1, #2, and #3.

29. John Doe #1 was wearing an all-black uniform and a hi-visibility yellow vest, with reflective stripes and the words "METRO SECURITY" on the back.

30. John Doe #2 was wearing black pants and a blue uniform shirt with a black vest and a badge.

31. John Doe #3 was originally inside the MetroLink lobby and was wearing an all-black uniform with and a hi-visibility yellow vest with reflective stripes, but with nothing written on the back of the vest.

32. Drew turned and attempted to walk away by crossing 14th Street and leaving the MetroLink property.

33. Without any provocation or legal justification John Doe #1, John Doe #2 and John Doe #3 engaged Drew and called him back over to the Bi-State / MetroLink premises.

34. Drew complied with the MetroLink Security Personnel requests and reentered the Bi-State / MetroLink Premises.

35. While walking on the public sidewalk and talking with Bi-State / MetroLink security personnel, and without warning or provocation, Drew was forced off of the sidewalk and into the street, and struck in the head by John Doe #1.

36. John Doe #1 proceeded to physically assault Drew, repeatedly hitting and kicking him, causing injury to his head, neck, chest, back and buttocks.

37. John Doe #2, joined in the physical assault.

38. John Doe #2 repeatedly hit and kicked Drew, causing injury to his head, neck, chest, back and buttocks.

39. John Doe #3 stood in close proximity to the assault, helping to confine, intimidate and restrain Drew, and doing nothing to prevent or deter his co-workers from causing Plaintiff physical injury.

40. John Doe #1 and John Doe #2 pulled Drew back onto MetroLink property from the public street and threw him face first onto the sidewalk.

41. John Doe #1 and John Doe #2 kneeled on Drew's back forcing him to remain face down on the sidewalk, while they illegally and without legal cause restrained him in handcuffs.

42. This assault and previously described series of events was captured on video.

43. At the behest of Bi-State security, Drew was then illegally transferred into St. Louis Metropolitan Police Department custody where he was placed under arrest and held for 24 hours, all on the basis of false information provided by Bi-State employees / agents.

44. Drew was denied medical attention and unable to seek any treatment for his injuries until January 23, 2018, when he was ultimately released from custody without being charged with any criminal conduct.

## COUNT I
### EXCESSIVE USE OF FORCE AND FALSE IMPRIONMENT COGNIZABLE UNDER 42 U.S.C. §1983 (AGAINST DEFENDANTS BI-STATE, JOHN DOE #1, JOHN DOE #2, AND JOHN DOE#3)

For Count I of Plaintiff's cause of action against Defendants Bi-State, John Doe #1, John Doe #2 and John Doe #3, Plaintiff states:

45. Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Petition as though fully set forth herein.

46. Defendants jointly or severally used excessive physical force against Plaintiff in a physically aggressive and injurious way, without cause or justification, which actions and conduct caused Plaintiff to sustain injuries and damages.

47. Defendants' use of force was unnecessary and punitive.

48. Plaintiff had a clearly established Constitutional right to be free from the excessive use of force.

49. The use of force by Defendants jointly or severally was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not committing a crime, was not resisting arrest, was not acting violently or aggressively, or in a manner that posed any obvious danger to himself or anyone else, and therefore was in violation of Plaintiff's rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

50. Plaintiff had a clearly established Constitutional right to be free from false imprisonment.

51. Missouri Revised Statute Section 565.130.1 states that "[a] person commits the crime of false imprisonment if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty."

52. As a direct and proximate result of the actions of Defendants as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: being physically assaulted by Metro Public Safety Officers, and being unjustly detained, arrested and charged.

53. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

54. The acts of Defendants were taken under color of state law.

55. The conduct of the Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in the individual capacities and to deter each of them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and

reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

### COUNT II
### FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL, AND/OR DISCIPLINE COGNIZABLE UNDER 42 U.S.C. § 1983
### (AGAINST DEFENDANT BI-STATE)

For Count II of Plaintiff's cause of action against Defendants Bi-State, Plaintiff states:

56. Plaintiff incorporates by reference each and every allegation and averment contained in the preceding paragraph of his Complaint as though fully set forth herein.

57. Defendant Bi-State has a duty and legal obligation to properly train those who are employed as Metro Public Safety Officers and security personnel.

58. Defendant Bi-State's training programs are not adequate to train Metro Public Safety Officers to properly handle situations like the one involving Plaintiff.

59. There have been numerous instances over the past several years of individuals wrongfully and illegally being subjected to excessive force by Bi-State security personnel.

60. Defendant Bi-State is aware of these excessive force events and has failed to take proper measures to train its personnel on use of force and therefore, Defendant had a policy or custom of failing to adequately train employees/security personnel.

61. Defendants Bi-State knew that additional and/or different training was needed to avoid the false arrests and other constitutional deprivations like that suffered by the Plaintiff.

62. Defendant Bi-State is vested with the duty, power and authority for continued training, supervision, discipline and to otherwise control Metro Public Safety Officers. Defendant Bi-State failed in its duty to generally train, supervise and discipline Public Safety Officers and to conform their conduct to constitutional requirements. Specifically, Defendant Bi-State failed to

adequately train, supervise and discipline its Public Safety Officers in the proper lawful treatment of patrons; arrests of subjects, particularly African-American citizens; failed to train, supervise and discipline Metro Public Safety Officers with regard to the duty to intervene and/or report transgressions, and to truthfully respond to inquiries. Defendant Bi-State effectively abrogated the power to train, supervise, discipline and control Metro Public Safety Officers, resulting in the constitutional deprivations to Plaintiff as set forth above.

63. The acts of the Defendant as set forth herein were taken under color of state law.

64. As a direct and proximate result of the actions of Defendant as set forth herein, Plaintiff has been damaged as a result of being responsible for medical bills, physical injury, by pain and suffering, emotional damages, pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff prays for a judgment against Defendant Bi-State for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against the Defendant; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

### COUNT III
### PLAINTIFF'S CLAIM FOR ASSAULT AND BATTERY UNDER MISSOURI STATE LAW AGAINST CERTAIN DEFENDANTS

For Count III of Plaintiff's cause of action against Defendants John Doe #1, John Doe #2 and John Doe #3 – all in their individual capacity, Plaintiff states:

65. Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs in this Complaint as though fully set forth herein.

66. Defendants John Doe #1, John Doe #2 and John Doe #3 physically assaulted Plaintiff, without justification or provocation, by punching him, grabbing and slamming him to the ground, kicking him, pinning him to the ground, and then wrongfully arresting and holding him while denying him medical attention.

67. This physical contact was not invited and was unwelcome.

68. Defendants acted without justification or legal excuse.

69. As a direct and proximate result of the assault on Plaintiff by Defendants, Plaintiff suffered physical injuries and pain and suffering, and caused him to incur medical bills. The unlawful actions of the Defendants also caused him pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

70. The conduct of Defendants was reckless and callously indifferent to the rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish Defendants in their individual capacity and to deter them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants John Doe #1, John Doe #2, and John Doe #3, seeking compensatory damages in an amount that is fair and reasonable for his physical injuries, pain and suffering, and for emotional pain and suffering; for punitive damages against Defendants in their individual capacities; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
### PLAINTIFF'S CLAIM FOR FALSE IMPRISONMENT UNDER MISSOURI STATE LAW AGAINST CERTAIN DEFENDANTS

For Count IV of Plaintiff's cause of action against Defendants John Doe #1, John Doe #2 and John Doe #3 – all in their individual capacity, Plaintiff states:

71. Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs in this Complaint as though fully set forth herein.

72. Defendants John Doe #1, John Doe #2 and John Doe #3 physically restrained the Plaintiff, without justification or provocation, by punching him, grabbing and slamming him to the ground, kicking him, pinning him to the ground, and then wrongfully causing him to be arrested by police.

73. The actions of the Defendants substantially interfered with Plaintiff's liberty.

74. This physical contact was not invited and was unwelcome.

75. The Defendants had not legal justification or cause to detain or restrain Plaintiff.

76. Defendants knowingly provided false, incomplete, or misleading information to the St. Louis Metropolitan Police Department which caused the arrest of Plaintiff.

77. The Defendants wrongfully and without legal justification encouraged, caused, promoted, or instigated the arrest of Plaintiff by St. Louis Metropolitan Police.

78. As a direct and proximate result of the false imprisonment of the Plaintiff by Defendants, Plaintiff was illegally restrained of his liberty. The unlawful actions of the Defendants also caused him pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

79. The conduct of Defendants was reckless and callously indifferent to the rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is

warranted and necessary to punish Defendants in their individual capacity and to deter them, and others from the same or similar transgressions in the future.

  WHEREFORE, Plaintiff prays for judgment against Defendants John Doe #1, John Doe #2, and John Doe #3, seeking compensatory damages in an amount that is fair and reasonable for his loss of liberty, pain and suffering, and for emotional pain and suffering; for punitive damages against Defendants in their individual capacities; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

            Respectfully submitted,

            NEWTON BARTH, L.L.P

By: _____
            Talmage E. Newton IV, MO56647
            talmage@newtonbarth.com
            555 Washington Ave., Ste. 420
            St. Louis, Missouri 63101
            (314) 272-4490 – Office

            Attorney for Plaintiff Drew